UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI TOWLE,

    Petitioner,                                    Civil No. 2:12-11120
                                                       HONORABLE PAUL D. BORMAN
v.                                                     UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY AND MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On June 24, 2014, this Court denied the petition for writ of habeas corpus that had been filed pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Towle v. Warren*, No. 2:12-CV-11120, 2014 WL 2879752 (E.D. Mich. June 24, 2014).

On July 16, 2014, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. Petitioner has also filed a motion for a certificate of appealability and a motion to proceed in *forma pauperis* on appeal, which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny petitioner a certificate of appealability or leave to appeal *in forma pauperis*. For the reasons that follow, the Court will deny petitioner's motion for reconsideration. The Court will further order that petitioner's motion for a certificate of appealability and the motion to proceed *in forma pauperis* on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

1

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002).  A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.*  As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006).  Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis* when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for leave to appeal *in forma pauperis* as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis* in this case. *See Pettigrew v. Rapelje,* No. 08-12530-BC, 2008 WL 4186271, p. 1 (E.D. Mich. September 10, 2008).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)).  In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct her request for a certificate of appealability to the Sixth Circuit.  The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's motion to proceed *in forma pauperis* on appeal to the Sixth Circuit.  A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam ));. *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992).  Petitioner's notice of appeal divests this Court of jurisdiction to consider her request that she be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Johnson v. Woods,* No. 5:12–11632, 2013 WL 557271, p. 2 (E.D. Mich. February 13, 2013); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983).  Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's request to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.  In the interests of justice, this Court can order that petitioner's application to proceed *in forma pauperis*

be transferred to the Sixth Circuit for that court's consideration. *See Baker v. Perry,* No. 2:12–10424, 2012 WL 6097323, p. 2 (E.D. Mich. December 6, 2012).

**IT IS HEREBY ORDERED** that the Clerk of the Court transfer Petitioner's "Application to Proceed *In Forma Pauperis* [Dkt. # 11] and the Motion for Certificate of Appealability [Dkt. # 12] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

                s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated: July 24, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2014.

                s/Deborah Tofil
                Case Manager